UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.   2:25-cv-10706-SSC                    Date: February 13, 2026

Title      Leslie Zuniga v. R.I.M. Logistics, LTD., et al.


Present: The Honorable Stephanie S. Christensen, U.S. Magistrate Judge


Teagan Snyder                                        n/a
Deputy Clerk                              Court Reporter / Recorder

Attorneys Present for Plaintiffs:        Attorneys Present for Defendants:
None Present                                      None Present


**Proceedings:**   (IN CHAMBERS) **Order Granting Plaintiff's Motion to Remand (ECF 5) and Denying as Moot Plaintiff's Motion to Dismiss Defendant's Cross-complaint (ECF 10)**


Before the Court is Plaintiff's motion to remand this employment-discrimination case to state court.  (ECF 5.)  To resolve the motion, the Court must determine whether Defendant properly removed the action to federal court under diversity jurisdiction.  Because Defendant has not established by a preponderance of the evidence that the amount in controversy exceeds $75,000, Plaintiff's motion is GRANTED.

**I**

Plaintiff Leslie Zuniga initially filed this Fair Employment and Housing Act (FEHA) action in Los Angeles County Superior Court on October 6, 2025.  (ECF 1 at 15.)  Plaintiff names R.I.M. Logistics, LTD.

---

CV-90 (03/15)                    Civil Minutes – General

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-10706-SSC                    Date: February 13, 2026

Title      Leslie Zuniga v. R.I.M. Logistics, LTD., et al.

(Defendant), Mary Anne Flanagan,[1] and 50 Does as defendants.[2]  The complaint alleges that Plaintiff is a California resident and that, upon information and belief, R.I.M. Logistics, LTD., "was and is an Illinois Corporation existing under the laws of the State of California and doing business in the State of California."  (*Id.* at 16.)

The complaint asserts claims for (1) disability discrimination under section 12940 of the California Government Code; (2) disability retaliation under section 12940; (3) failure to engage in good faith interactive process under section 12940; (4) failure to prevent discrimination, harassment, and retaliation under section 12940; and (5) intentional infliction of emotional distress.  (*Id.* at 23–32.)  Although the complaint does not allege or pray for a specific damages amount, Plaintiff seeks compensatory damages "in a sum according to proof, including but not limited to: back pay, plus interest, lost fringe benefits and future lost earnings and fringe benefits, lost equity, damages for emotional distress and pain and suffering, according to proof allowed by law[,]" exemplary and punitive damages, "damages and/or penalties pursuant to the California Labor Code[,]" interest, attorney's fees, and costs of suit.  (*Id.* at 32.)

On November 6, 2025, Defendant timely removed this action to federal court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332.  (ECF 1.)  Defendant alleged in the notice of removal that Plaintiff is a California citizen and that RIM was at the time of filing,

[1] Ms. Flanagan was dismissed from this action on November 13, 2025.  (ECF 6.)

[2] In determining whether a civil action is removable on the basis of diversity jurisdiction, the citizenship of defendants sued under fictitious names is disregarded.  28 U.S.C. § 1441(b)(1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-10706-SSC                    Date: February 13, 2026

Title      Leslie Zuniga v. R.I.M. Logistics, LTD., et al.

and still is, incorporated under the laws of the State of Illinois.  (*Id.* at 4–5.)  Defendant alleged that the amount in controversy exceeds $75,000, including at least $10,651.77 in lost earnings and benefits, emotional distress damages, punitive damages, and attorney's fees.  (*Id.* at 7–10.)  In support, Defendant submits the declaration of Ms. Flanagan, Defendant's "Director of Employee Services."  (ECF 1-2 at 2.)  Defendant also asserts that prior to Plaintiff filing suit, Plaintiff's counsel issued a September 9, 2025 demand letter seeking $175,000 in damages.  (ECF 1 at 6.)  Defendant submitted the demand letter with the notice of removal as supporting evidence.  (*Id.* at 65–76.)

On November 11, 2025, Plaintiff filed this motion to remand.  (ECF 5.)  Plaintiffs assert that Defendant improperly removed the action to federal court because they have not established that the amount in controversy exceeds $75,000.  (*Id.* at 7.)  Defendant filed an opposition (ECF 16), and Plaintiff did not reply.[3]

The Court finds the matter suitable for disposition without oral argument and VACATES the hearing on the motion scheduled for February 17, 2026.  Fed. R. Civ. P. 78(b); L.R. 7-15.

---

[3] On November 19, 2025, Defendant filed a crossclaim against Plaintiff.  (ECF 7.)  Plaintiff moved to dismiss the "cross-complaint" (ECF 10), Defendant opposed (ECF 17), and Plaintiff replied (ECF 18).  Because the Court grants the motion to remand, as explained below, Plaintiff's motion to dismiss (ECF 10) is denied as moot.  The Court also VACATES the scheduling conference set for February 17, 2026.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-10706-SSC                     Date: February 13, 2026

Title        Leslie Zuniga v. R.I.M. Logistics, LTD., et al.

## II

In general, defendants may remove any case filed in state court over which the federal district courts have original jurisdiction. 28 U.S.C. § 1441(a). An action may be removed based on diversity jurisdiction. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). A court has diversity jurisdiction if the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a). Diversity jurisdiction does not exist unless there is complete diversity: each defendant must be a citizen of a different state from each plaintiff. *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008).

The removing party has the burden to show that removal is proper. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (per curiam). To protect the jurisdiction of state courts, removal jurisdiction is strictly construed in favor of remand. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case "shall be remanded." 28 U.S.C. § 1447(c). "[A] defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).

## III

The parties do not dispute diversity of citizenship. (ECF 1 at 4; ECF 5 at 11.) Rather, Plaintiff argues that this case should be remanded to the Los Angeles County Superior Court for lack of subject matter jurisdiction because Defendant has failed to establish by a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-10706-SSC                    Date: February 13, 2026

Title      Leslie Zuniga v. R.I.M. Logistics, LTD., et al.

preponderance of the evidence that the amount in controversy exceeds $75,000.  (ECF 5 at 7.)  The Court agrees.

**A**

The Ninth Circuit defines "amount in controversy" as "the amount at stake in the underlying litigation[.]"  *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 994 (9th Cir. 2022) (citation omitted).  "[T]he amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious."  *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414–15 (9th Cir. 2018).  If a complaint is unclear and does not specify a total amount in controversy, the removing party must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.  *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007).

**B**

As a preliminary matter, Defendant asserted in the notice of removal that Plaintiff's counsel issued a demand letter on September 9, 2025, seeking $175,000 in damages.  (ECF 1 at 6, 65, 76.)  Generally, "[a] settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim."  *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002).  But as Plaintiff contends, the letter "seeks penalties for Defendants' alleged failure to provide Plaintiff and all Aggrieved Employees with meal periods, and failure to authorize and permit rest periods, failure to pay legally required overtime, failure to pay minimum wages, failure to timely pay wages upon termination, failure to timely pay wages during employment in accordance with Labor Code section 204, failure to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-10706-SSC                    Date: February 13, 2026

Title      Leslie Zuniga v. R.I.M. Logistics, LTD., et al.

provide complete and accurate wage statements, failure to keep complete and accurate payroll records, failure to pay reporting time pay, and failure to reimburse necessary business-related expenses and costs." (ECF 5 at 7; ECF 5-1 at 2–3.)

The Court agrees that the demand letter seeks recovery for such wage-and-hour claims which were not ultimately filed in this suit and also on behalf of employees other than Plaintiff. Accordingly, the Court turns to Defendant's claims regarding the amount in controversy in the FEHA claims at issue.

**C**

Regarding Plaintiff's lost wages, Defendant asserts that such damages amount to $10,651.77. (ECF 1 at 7.) In calculating Plaintiff's lost wages, Defendant relied on Ms. Flanagan's declaration. (ECF 1-2.) According to the declaration Plaintiff's hourly wage was $30.72; Plaintiff earned "approximately $5,325.83 per month"; "[o]n or about September 5, 2025, Plaintiff commenced a leave of absence from her employment"; and "Plaintiff's lost earnings and benefits since she commenced her medical leave is approximately $10,651.77." (*Id.* at 3.) On these bases, Defendant calculated Plaintiff's lost earnings and benefits as $10,651.77, which Plaintiff does not challenge. (ECF 1 at 7; ECF 5 at 13.)

In its opposition, Defendant asserts that since the filing of the notice of removal, "Plaintiff has incurred an additional six weeks' lost income, amounting to $7,372.80." (ECF 16 at 6.) Because Plaintiff seeks "future lost earnings" (ECF 1 at 32), the Court finds the total amount of lost wages to be $18,024.57. Alone, that amount is still well

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-10706-SSC                    Date: February 13, 2026

Title        Leslie Zuniga v. R.I.M. Logistics, LTD., et al.

below $75,000 and does not satisfy the requirement for diversity jurisdiction.

**D**

Next, Defendant has not established nonspeculative emotional distress damages.

When determining the amount in controversy, courts may consider emotional distress damages.  *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005), *as amended on denial of reh'g and reh'g en banc* (Feb. 13, 2006).  When a specific amount for such damages is not alleged in the complaint, the removing party "may submit evidence of jury verdicts in similar cases." *Aguilar v. Wells Fargo Bank, N.A.*, No. ED CV 15-01833-AB (SPx), 2015 WL 6755199, at *5 (C.D. Cal. Nov. 4, 2015).  "[T]he cases must be factually identical or, at a minimum, analogous to the case at issue." *Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1055 (C.D. Cal. 2012); *see also Rowell v. United Parcel Serv., Inc.*, No. 5:23-cv-01002-ODW (BFMx), 2023 WL 6808377, at *3 (C.D. Cal. Oct. 13, 2023) ("Courts are not required to include emotional distress damages as part of the amount in controversy when the party asserting jurisdiction fails to provide evidence of jury awards from sufficiently similar cases."); *Aguilar*, 2015 WL 6755199, at *6 (finding that "it would be speculative to include Defendant's estimated emotional distress damages in the total amount in controversy" because "[n]one of the cases that Defendant cites are sufficiently analogous to establish that Plaintiff will be entitled to a similar award of emotional distress damages").

Here, because the complaint does not allege a specific amount for emotional distress damages, Defendant cites various verdicts as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-10706-SSC                    Date: February 13, 2026

Title      Leslie Zuniga v. R.I.M. Logistics, LTD., et al.

supporting evidence.  (ECF 1 at 7–8 (citing *Equal Emp. Opportunity Comm'n v. Overnite Corp.*, 2009 WL 4731239 (N.D. Cal. 2009); *Birden v. Regents*, 2019 WL 5169536 (Cal. Super.); *Campbell v. Nat'l Passenger R.R. Corp.*, 2009 WL 692094 (N.D. Cal. 2009)).)

These cases are not sufficiently analogous to the case at bar, however, because they involved either race- or sex-based discrimination and all involved wrongful termination, none of which Plaintiff has alleged.  *Overnite Corporation* involved an award of $30,000 emotional distress damages to a plaintiff who alleged sex-based discrimination, retaliation, and wrongful termination.  2009 WL 4731239.  In *Birden*, the plaintiff alleged racial discrimination and wrongful termination, claimed emotional distress, and was awarded $500,000 in past non-economic damages and $800,000 in future non-economic damages.  2019 WL 5169536.  Similarly, the plaintiff in *Campbell* alleged racial discrimination and wrongful termination, claimed emotional distress, and was awarded $120,000 in non-economic damages.  2009 WL 692094.

Thus, Defendant has not provided evidence of jury awards from sufficiently similar cases, and the Court declines to consider such speculative emotional distress damages in the amount in controversy.

**E**

For similar reasons, Defendant has not established nonspeculative punitive damages.

"It is well established that punitive damages are part of the amount in controversy in a civil action."  *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001), *holding modified on other grounds by*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-10706-SSC                    Date: February 13, 2026

Title        Leslie Zuniga v. R.I.M. Logistics, LTD., et al.

*Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005). California law provides for the recovery of punitive damages in FEHA cases. *See Rowell*, 2023 WL 6808377, at *3 ("California law allows for the recovery of punitive damages in cases alleging FEHA violations, wrongful termination, and intentional infliction of emotional distress."); *Commodore Home Sys., Inc. v. Superior Ct.*, 32 Cal. 3d 211, 221 (1982) ("[I]n a civil action under the FEHA, all relief generally available in noncontractual actions, including punitive damages, may be obtained."). "In providing evidence to demonstrate the amount of punitive damages in controversy, the removing party may point to jury verdicts in analogous cases[.]" *Ulloa v. Cal. Newspaper Partners*, No. LA CV20-11776 JAK (AGRx), 2021 WL 6618815, at *7 (C.D. Cal. Oct. 21, 2021) (citation omitted).

Here, the complaint does not allege any specific amount for punitive damages, and Defendant again relies on verdicts in other cases as supporting evidence. (ECF 1 at 8–9 (citing *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031–35 (N.D. Cal. 2002); *Garcia v. Seltzer-Doren Mgmt. Co., Inc.; Gresham Apartment Invs.*, 2021 WL 4258696; *White v. FCI U.S., Inc.*, 319 F.3d 672, 674 (5th Cir. 2003); *Lang v. Healthco Int'l Corp.*, 1986 WL 795038 (Fresno County Superior Court); *Chopourian v. Catholic Healthcare West*, 2012 WL 767196 (E.D. Cal. 2012)).)

In *Simmons*, the plaintiff alleged racial discrimination and wrongful termination, and the court found that the plaintiff's alleged lost income of $25,600 at the time of removal, included with unspecified amounts for medical expense damages, emotional damages, punitive damages, and attorney's fees anticipated to incur through trial, satisfied the amount in controversy required to establish diversity jurisdiction. 209 F. Supp. 2d at 1030–35. In *Garcia*, plaintiffs who

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-10706-SSC                    Date: February 13, 2026

Title      Leslie Zuniga v. R.I.M. Logistics, LTD., et al.

were a married couple alleged disability discrimination, among other claims, when they were evicted from their employer-provided housing after the husband was diagnosed with thyroid cancer and together were awarded $5,250,000 in punitive damages.  2021 WL 4258696.  *White*, a Fifth Circuit case involving a wrongful termination claim where plaintiff sought continuing and future damages and concluding that a "lengthy list of compensatory and punitive damages" including past lost income of approximately $13,000 (based on a yearly economic loss rate of $100,000), emotional distress, combined with a claim for attorney fees and punitive damages, was sufficient to exceed the $75,000 minimum required to establish diversity jurisdiction.  319 F.3d at 674, 676.  In *Lang*, the plaintiff alleged wrongful termination and was awarded $175,000 in punitive damages.  1986 WL 795038.  *Chopurian* involved claims for "Hostile Work Environment Based on Gender and National Origin/Ethnicity," among others, and the plaintiff was awarded $31,250,000 in punitive damages as to her claim of "[s]exually hostile work environment[.]"  2012 WL 767196.

As with the other cases cited by Defendant, these cases are not sufficiently analogous.  To begin, these cases explicitly involve wrongful termination, putting at issue substantial future lost wages.  Wrongful termination is not a claim raised in this case because Plaintiff was still employed by Defendant at the time of removal of this action.  (ECF 1-2 at 3–4.)  Further, *Simmons* involved race-based discrimination and did not specify an amount for punitive damages but rather aggregated all of the plaintiff's damages and other relief sought to estimate in the abstract that the amount in controversy met the statutory requirement.  *See* 209 F. Supp. 2d at 1030, 1033, 1035.  And although the punitive-damages award in *Chopurian* applied specifically to the claim of hostile work environment, the claim was sex-based, not based on disability

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-10706-SSC                    Date: February 13, 2026

Title      Leslie Zuniga v. R.I.M. Logistics, LTD., et al.

discrimination.  Lastly, while *Garcia* involved disability discrimination, it was in the context of both employment and housing discrimination. 2021 WL 4258696.  Here, Plaintiff does not allege housing discrimination.

Thus, Defendant has not provided evidence of jury awards from sufficiently similar cases, and the Court declines to consider such speculative punitive damages in the amount in controversy.

**F**

Neither has Defendant established nonspeculative attorney's fees.

Attorney's fees may be included in the amount in controversy when an underlying statute authorizes such an award.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).  "The reasonableness of attorney's fees, when fees are unascertainable on the face of the complaint, can be calculated by looking to other attorney's fees awards in similar cases."  *Garcia v. ACE Cash Express, Inc.*, No. 8:14-cv-00285-DOC (RNBx), 2014 WL 2468344, at *5 (C.D. Cal May 30, 2014).

Here, attorney's fees are not ascertainable from the face of the complaint, and Defendant does not rely on any specific amount for attorney's fees, instead citing various cases to support the inclusion of attorney's fees for analogous amounts in the amount in controversy. (ECF 1 at 9–10 (citing *Simmons*, 209 F. Supp. 2d at 10[3]5; *Flannery v. Prentice*, 26 Cal. 4th 572, 576 (2001); *Akers v. County of San Diego*, 95 Cal. App. 4th 1441, 1445 (2002); *Amochaev v. Citigroup Global Markets, Inc.*, 2008 WL 3892291 (N.D. Cal. 2008); *Equal Emp. Opportunity*

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-10706-SSC                    Date: February 13, 2026

Title    Leslie Zuniga v. R.I.M. Logistics, LTD., et al.

*Comm'n v. Albion River Inn, Inc.*, 2008 WL 928368 (N.D. Cal. 2008); *Carter v. Dunn-Edwards Corp.*, 2019 WL 9093393 (Cal. Super.)).)

As with the cases cited by Defendant in support of the other categories of damages, the cases Defendant cites here are distinguishable.

As explained above, *Simmons* involved a racial discrimination claim, not a disability discrimination claim.  *See* 209 F. Supp. 2d at 1030.  And at least some attorney's fees were already reported at removal in that case.  *Id.* at 1034.  In *Flannery*, a case brought by prevailing FEHA plaintiff against her former counsel, the California Supreme Court noted that in the separate FEHA case, the state appellate court affirmed the trial court's award to plaintiff of $250,000 in damages and "$891,042 in fees and expenses for the underlying case and $80,642 in fees and expenses for fee work."  26 Cal. 4th at 576.  But that case does not provide in any detail the facts underlying the FEHA case.  Thus, the Court cannot determine whether the award of attorney's fees in the FEHA case was based on sufficiently similar facts to this case.

Further, *Akers* affirmed an award of $249,345 in attorney's fees in a case involving allegations of pregnancy/gender discrimination and wrongful termination.  95 Cal. App. 4th at 1445.  Again, these claims are distinguishable from the claims in this case because, here, Plaintiff alleges disability discrimination and does not advance a claim for wrongful termination.

Next, *Amochaev* awarded $6.5 million in attorney's fees, but that award was in the context of settlement of multiple plaintiffs' gender-based discrimination claims.  2008 WL 3892291.  And *Albion River Inn,*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-10706-SSC                    Date: February 13, 2026

Title      Leslie Zuniga v. R.I.M. Logistics, LTD., et al.

*Inc.* involved race and/or national origin discrimination, which is not at issue in this case.  2008 WL 928368.  Lastly, although *Carter* involves disability discrimination, it too includes allegations of wrongful termination, which is not present in this case.  2019 WL 9093393.

Although Plaintiff identified in the motion to dismiss the differences between the case at bar and those cited by Defendant (ECF 5 at 14–18), Defendant did not supply further cases or clarify how the cases previously provided were on point.  Instead, Defendant argues that it "appropriately cited reported FEHA tort cases to illustrate that such awards for money damages in employment discrimination cases have occurred."  (ECF 16 at 6.)  Defendant contends that "Plaintiff's argument that different facts of those cases cannot be imposed on Plaintiff's allegations is ineffective, because Defendant need only establish by a preponderance of evidence that Plaintiff's claims exceed the jurisdictional minimum."  (*Id.*)  But Defendant does not address Plaintiff's argument head on and rather stands on its assertions in the notice of removal.  (*Id.*)

Thus, Defendant has not provided evidence of jury awards from sufficiently similar cases, and the Court declines to consider such speculative attorney's fees in the amount in controversy.

***

Because Defendant has not established that it is more likely than not that the amount in controversy exceeds $75,000, and thus has not carried its burden to show that diversity jurisdiction exists, the Court lacks subject matter jurisdiction over this action.  Accordingly, the remand motion (ECF 5) is GRANTED, and this matter is REMANDED to the state court.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  2:25-cv-10706-SSC                    Date: February 13, 2026

Title        Leslie Zuniga v. R.I.M. Logistics, LTD., et al.

Further, Plaintiff's motion to dismiss Defendant's cross-complaint (ECF 10) is DENIED as moot.

**IT IS SO ORDERED.**

                                                                        :

Initials of Preparer          **ts**